UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:18-cv-10150-KMM

MARK PFEFFER, *et al*.,

  Plaintiffs,

v.

CARMAR TRANSPORTATION, INC., *et al*.,

  Defendants.

_____/

**REPORT AND RECOMMENDATION[1] ON PLAINITFF'S MOTION
FOR CONSENT JUDGMENT PURSUANT TO SETTLEMENT AGREEMENT**

**THIS CAUSE** came before the Court on Plaintiffs Mark Pfeffer, Vladimir Tsitlidze, Sergio Dominguez, Timothy Ostrom, George Valdez, and Laura Marzano's ("Plaintiffs") Motion for Consent Judgment Pursuant to Settlement Agreement (the "Motion") Against Defendants, Carmar Transportation, Inc., d/b/a Key Lime Taxi a Florida Corporation, and Margaret Scholl, ("Defendants") individually. ECF No. [53]. Defendants filed a Response in Opposition to Plaintiffs' Motion. ECF No. [54]. Plaintiffs then filed their Reply to Defendants' Response. ECF No. [55]. Upon consideration of the Motion, the pertinent portions of the record, and the relevant authorities, the undersigned hereby **RECOMMENDS** that Plaintiffs' Motion be **DENIED**.

    **I.**    **BACKGROUND**

On September 1, 2018 Plaintiffs filed suit against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA"). ECF No. [1]. On July 16, 2019,

---

[1] This Motion was referred to undersigned to take all necessary and proper action as required by law. ECF No. [56].

1

Defendants' counsel filed a Final Mediation Report advising the Court that the parties reached an agreement at the July 15, 2019 mediation. ECF No. [40]. That same day, the District Court entered a Notice of Court Practice Upon Notice of Settlement Agreement directing the parties to file a copy of the Settlement Agreement no later than thirty days from the date of the Notice. ECF No. [41]. The District Court also denied all pending motions as moot. *Id*.

On September 5, 2019, Plaintiff filed an Unopposed Motion to Approve Settlement Agreement and Dismiss with Prejudice. ECF No. [49]. The following day, the District Court denied that motion because the Settlement Agreement did not provide supporting documentation for the amount of fees requested, such that the Court was unable to determine the fairness and reasonableness of the Settlement Agreement which the Court is required to do pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). ECF No. [50]. As a result, on September 24, 2019, Plaintiff filed a Renewed Motion for Approval of Settlement Agreement and Dismissal with Prejudice as to all Defendants. ECF No. [51]. This motion included the Settlement Agreement between the parties, ECF No. [51-1], the Memorandum of Mediated Settlement, ECF No. [51-2], and an Affidavit of Plaintiffs' Attorney regarding the amount of attorneys' fees. ECF No. [51-3]. According to the Settlement Agreement, Defendants agreed to pay Plaintiffs and their counsel a total gross sum of $30,750.00, to be payable in twelve months. ECF No. [51-1] at 2. Specifically, Defendants were to make one payment of $3,250.00 and eleven consecutive monthly payments in the amount of $2,500.00 until December 20, 2020. *Id.* Plaintiffs' counsel would then disburse $2,709.52, in equal monthly installments to the individual Plaintiffs, from January 20, 2020 to December 20, 2020. *Id*.

On September 25, 2019, the District Court entered an Order approving the parties' Revised Settlement Agreement and finding it fair and reasonable pursuant to *Lynn's Food Stores, Inc.*, 679

F.2d at 1350. ECF No. [52]. The District Court dismissed the case with prejudice and denied as moot any pending motions. *Id*. The District Court's Order did not retain jurisdiction to enforce the parties' Settlement Agreement.

On April 15, 2020, Plaintiffs filed the instant Motion. ECF No. [53]. Plaintiffs argue that Defendants only made two payments, totaling $5,750.00, and failed to make further payments. *Id.* at 1. Plaintiffs requested that the Court enter an order enforcing the Settlement Agreement, enter a Final Default Judgment against both Defendants, jointly and severally, and award attorneys' fees and costs. *Id*. at 1–2.

On April 21, 2020, Defendants filed their Response to Plaintiffs' Motion for Consent Judgment Pursuant to Settlement Agreement ("Response"). ECF No. [54]. Defendants' Response requested that the District Court deny Plaintiffs' Motion, and instead defer payments until travel resumes because the COVID-19 pandemic "radically altered the world" and the performance of their taxi business. *Id.* at 3. Further, Defendants argued that it would be unjust to hold them to strict compliance with the Settlement Agreement because circumstances make performance of it impossible. *Id*.

On April 23, 2020, Plaintiffs filed a Reply to Defendants' Response. ECF No. [55]. Plaintiffs argued that the terms of the Settlement Agreement and the possibility of default were strictly negotiated to ensure that Plaintiffs' money was guaranteed. *Id.* at 1–2. Further, Plaintiffs argued that Defendants chose to set forth a settlement with over a year payment plan, thereby assuming the risk of future issues over that period. *Id*. at 2. In addition, Plaintiffs argue that Defendants have produced no record that shows their impossibility of payment and compliance with the Settlement Agreement. *Id.* at 3–4.

## II. ANALYSIS

### A. The Court Does Not Have Jurisdiction To Enforce The Parties' Revised Settlement Agreement.

As an initial matter in considering the instant Motion, the undersigned analyzes whether the District Court retained jurisdiction to enforce the parties' Settlement Agreement. The Court has an independent obligation to determine whether jurisdiction exists in each case before the Court. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012). "[I]f the district court either incorporates the terms of a settlement into its final order of dismissal *or* expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement." *Am. Disability Ass'n v. Chmielarz*, 289 F.3d 1315, 1320 (11th Cir.2002). "Enforcement of the settlement agreement, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994).

In *Kokkonen*, the Supreme Court discussed the circumstances under which a district court may retain ancillary jurisdiction to enforce a settlement agreement after an action had been dismissed. *Id*. at 376. There, the parties agreed to a settlement and a voluntary dismissal with prejudice. *Id*. The district court signed the dismissal but, notably, did not retain jurisdiction to enforce its terms or "so much as refer to the settlement agreement" in its order. *Id*. at 377. Shortly thereafter, the parties disagreed about their obligations under the agreement, and one side moved to have the district court enforce the settlement. *Id*. The Supreme Court held that there was no basis for a federal district court to assert jurisdiction over an alleged "breach of an agreement that produced the dismissal of an earlier federal suit." *Id*. at 379. The Court observed that:

4

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and . . . jurisdiction to enforce the agreement would therefore exist.

*Id.* at 381.

Here, the undersigned concludes that the District Court does not have jurisdiction to enforce the Settlement Agreement. Indeed, the record lacks any indication that parties agreed or requested the District Court to retain jurisdiction. Specifically, the District Court's Order approving the parties' Settlement Agreement did not retain jurisdiction. ECF No. [52]. Given that the District Court did not retain jurisdiction to enforce the parties' Settlement Agreement, the Court cannot reach the merits of the Motion. The undersigned notes, however, that this decision does not leave Plaintiffs without a remedy. "Enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 382.

### III. RECOMMENDATION

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiffs' Motion for Judgment, ECF No. [53], be **DENIED**.

### IV. OBJECTIONS

Pursuant to Local Magistrate Rule 4(b) and Federal Rule of Civil Procedure 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Any request for an extension of this deadline must be made within five (5) calendar days from the date of this Report and Recommendation. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the report and shall bar the parties from challenging on appeal the District Judge's Order based on any factual or legal conclusions included in this

Report to which the parties failed to object. 28 U.S.C. § 636(b)(1); *Resolution Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on September 11, 2020.

_____
JACQUELINE BECERRA
United States Magistrate Judge